United States Courts
Southern District of Texas
FILED

MAR 12 2015

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRIGITTE HAZLETON<br>*Plaintiff,* | §<br>§<br>§<br>§ | |
| VS. | §<br>§<br>§ | CIVIL ACTION NO. _____<br>(JURY TRIAL DEMANDED) |
| JORGE ALBERTO MORAZAN and<br>PAX CARRIER INC.,<br>*Defendants.* | §<br>§<br>§ | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BRIGITTE HAZELTON, Plaintiff, complaining of JORGE ALBERTO MORAZAN and PAX CARRIER INC., Defendants, and for cause of action would respectfully show this Honorable Court and Jury as follows:

### I.
### PARTIES

1.   Plaintiff BRIGITTE HAZLETON is a resident of Chambers County, Texas and a citizen of Texas. Plaintiff brings this action pursuant to any and all remedies and/or capacities available at law or equity.

2.   Defendant JORGE ALBERTO MORAZAN (hereinafter MORAZAN) is a natural person and a resident of Los Angeles County, California and a citizen of California. Defendant MORAZAN may be served with citation at his residence, 1140 Tamarind Ave., Apt 4, Los Angeles, California 90038 or wherever he may be found. Plaintiff BRIGITTE HAZLETON requests citation for service upon Defendant JORGE ALBERTO MORAZAN.

1

3.      Defendant PAX CARRIER, INC. (hereinafter PAX) is a California corporation with its principal place of business in Ontario, California 91761. Defendant PAX is not registered with the State of Texas and is not licensed to do business in Texas. Defendant PAX is an interstate commercial motor carrier and operates on the roads and highways of Texas. Defendant PAX may be served with citation through its Texas process agent Kim Cousins – Hawk Fuel Tax, 4360 Western Center B, Ft. Worth, Texas 76137 or wherever she may be found. Plaintiff BRIGITTE HAZLETON requests citation for service upon Defendant PAX CARRIER, INC.

## II.
## JURISDICTION AND VENUE

4.      Jurisdiction is proper in that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1332. Venue is proper pursuant to 28 U.S.C. §§ 1391 in that the events giving rise to the present litigation occurred in Chambers County, Texas located within the Galveston Division of the Southern District of Texas.

## III.
## FACTUAL BACKGROUND

5.      On or about May 27, 2013, BRIGITTE HAZLETON, a Texas Department of Public Safety Trooper, while working routine patrol was legally parked on the improved shoulder of Interstate Highway 10 eastbound near the 813 mile post in Chambers County, Texas.

6.      Defendant MORAZAN, driving a PAX commercial motor vehicle east on Interstate Highway 10 near the 813 mile post, moved from the outside lane onto the improved shoulder striking the rear of Plaintiff BRIGITTE HAZLETON's patrol vehicle.

7. Plaintiff BRIGITTE HAZLETON was transported by life flight to Memorial Hermann Hospital. Plaintiff has incurred medical expenses in addition to her hospital stay and will require additional medical treatment and incur additional medical expenses in the future.

8. At all times relevant to the present litigation, Defendant MORAZAN was an employee of Defendant PAX.

9. At all times relevant to the present litigation, Defendant MORAZAN was subject to the control of Defendant PAX.

10. At all times relevant to the present litigation, the motor vehicle made the basis of the present litigation driven by Defendant MORAZAN was subject to the control of Defendant PAX.

11. On May 27, 2013, the commercial motor vehicle in question was owned by Defendant PAX.

12. On May 27, 2013, the commercial motor vehicle in question was operated by Defendant PAX.

13. On May 27, 2013, the commercial motor vehicle in question was leased by Defendant PAX.

14. On May 27, 2013, Defendant MORAZAN was acting within the course and scope of his authority or duties to Defendant PAX when driving the commercial motor vehicle on Interstate Highway 10 eastbound near the 813 mile marker.

15. Defendant MORAZAN, while operating the motor vehicle, was negligent in many respects, each of which singularly or in combination with others, was the proximate cause of the occurrence in question. As a result of Defendant MORAZAN's negligence, singularly or in combination with others, Plaintiff suffered serious physical injuries.

16. Defendant PAX, in its individual capacity and as Defendant MORAZAN's employer, was negligent in many respects, each of which singularly or in combination with others, was the proximate cause of the occurrence in question.

17. Due to the actions of Defendants, Plaintiff has been damaged in an amount that exceeds the minimum jurisdictional requirements of this Court.

## IV.
## CAUSES OF ACTION

18. Plaintiff fully incorporates herein by reference the allegations contained in paragraphs 1 through 17.

19. At the time and on the occasion in question, being on or about May 27, 2013, Defendants failed to use ordinary care by committing various acts and/or omissions which were negligent in many respects which singularly or in combination, was the proximate cause of the occurrence in question including, but not limited to:

   a. Defendant MORAZAN had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to properly brake while driving his vehicle. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

   b. Defendant MORAZAN had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to take the proper evasive action to avoid a collision with another vehicle. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

   c. Defendant MORAZAN had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to turn his vehicle so that he may avoid collision with Plaintiff. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

   d. Defendant MORAZAN had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to keep his vehicle under proper control. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

e. Defendant MORAZAN had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to maintain attention, keep a proper lookout and not be distracted. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

f. Defendant MORAZAN had a duty, and failed in that duty, to drive in a single lane. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

g. Defendant MORAZAN had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to not drive while fatigued or asleep. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

h. Defendant MORAZAN had a duty, and failed in that duty, not to drive on the improved shoulder. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

i. Defendant MORAZAN had a duty, and failed in that duty, to operate in accordance with the laws, ordinances and regulations of the jurisdiction in which he is operating. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

j. Defendant MORAZAN had a duty, and failed in that duty, not to operate a commercial vehicle when his ability or alertness is so impaired or so likely to become impaired, through fatigue, illness or any other cause, as to make it unsafe for him to continue to operate a commercial motor vehicle. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

k. Defendant PAX had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care in selecting, hiring, retaining, overseeing, supervising and/or training drivers of the 18 wheeler in question. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

l. Defendant PAX had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care in selecting, hiring, retaining, overseeing, supervising and/or training employees and/or joint operators. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

m. Defendant PAX had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to assure that

drivers of 18 wheelers owned and/or controlled and/or subject to the control of the Defendant followed and/or abided by all governmental statutes, laws and regulations. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

n. Defendant PAX had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to assure that employees and/or others controlled by and/or subject to the control of the Defendant followed and/or abided by all governmental statutes, laws and regulations. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

o. Defendant PAX had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to abide by all government statutes, laws and regulations which define the standard of conduct of a reasonable and prudent owner, carrier and/or operator of an 18 wheeler such as the one made the basis of the present litigation. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

p. Defendant PAX had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to assure that the operator of the 18 wheeler followed and/or abided by all policies and procedures promulgated and/or implemented by Defendant. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

q. Defendant PAX had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care in promulgating, implementing and/or enforcing safety standards and procedures. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff;

r. Defendant PAX had a duty, and failed in that duty, to take reasonable precautions and/or exercise reasonable and prudent care to ensure that Defendant MORAZAN operated the 18 wheeler in question safely and appropriately. Defendants' failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff; and/or

s. Defendant PAX had a duty, and failed in that duty, to not let employees or others under its control operate a commercial vehicle when his/her ability or alertness is so impaired or so likely to become impaired, through fatigue, illness or any other cause, as to make it unsafe for him to continue to operate a commercial motor vehicle. Defendant's failure in that duty was a proximate cause of the injuries and damages sustained by Plaintiff.

20. Plaintiff would further show that Defendant PAX violated statutes, laws and/or regulations, including but not limited to, Sections 390, 391, and 392 of the Federal Motor Carrier Safety Regulations and Section 542 of the Texas Transportation Code including, but not limited to, 542.302 and 543.303, which define the standard of conduct of a reasonable person. Violation of these statutes, laws and/or regulations is *negligence per se* and these violations proximately caused injuries and damages to Plaintiff.

21. Plaintiff would further show that Defendant MORAZAN violated statutes, laws and/or regulations including, but not limited to, Sections 390, 391, and 392 of the Federal Motor Carrier Safety Regulations and Section 545 of the Texas Transportation Code, including but not limited to 545.058, which define the standard of conduct of a reasonable person. Violation of these statutes, laws and/or regulations is *negligence per se* and these violations proximately caused injuries and damages to Plaintiff.

22. The Plaintiff did not cause or contribute to the collision in question, but rather the negligence and/or *negligence per se* of the Defendants proximately caused the occurrence in question.

23. By reason of the above and foregoing, the Plaintiff has been damaged in an amount within the jurisdictional limits of this Court. The Plaintiff also prays for costs of court and pre and post judgment interest as allowed by law.

## V.
## VICARIOUS LIABILITY

24. Whenever in this Complaint it is alleged that the Defendants did any act or thing, it is meant that the Defendants' agents, officers, servants, principals, vice principals, borrowed servants, employees and/or representatives did such act or thing and that at the time such act or

thing was done, it was done with the authorization and/or ratification of Defendant PAX and/or was done in the normal and routine course and scope of Defendant's officers, agents, servants, principals, vice principals, borrowed servants, employees and/or representatives' duty and/or capacity. Defendant PAX is vicariously liable for the acts of their officers, agents, servants, principals, vice principals, borrowed servants, employees or/and representatives because of the employer-employee and/or principal/vice principal relationship, *respondent superior*, ostensible agency and/or agency by estoppel, and/or the borrowed servant doctrine.

25. At all times relevant to the present litigation, the 18 wheeler was owned, leased and/or subject to the control of Defendant PAX. At all times relevant to the present litigation, Defendant MORAZAN was an employee and/or subject to the control of Defendant PAX. At all times relevant to the present litigation, Defendant MORAZAN was subject to the rules, policies and procedures of Defendant PAX. At all times relevant to the present litigation, Defendant PAX was responsible for the hiring, retaining, overseeing, supervising and/or training of Defendant MORAZAN. At all times relevant to the present litigation, Defendant PAX was responsible for the promulgation, implementation and/or enforcement of all rules, policies, procedures and/or safety standards governing Defendant MORAZAN. Therefore, under the law, Defendant PAX is responsible and liable for Plaintiff's injuries and damages.

26. Plaintiff would also show that Defendant MORAZAN was within the course and scope of his employment, under the control and/or subject to the control of Defendant PAX and/or their agents. Therefore, under the law, Defendant PAX is responsible for the negligence of Defendant MORAZAN and is liable for Plaintiff's injuries and damages.

27. Plaintiff would further show that at the time of the collision in question, and at all other times material hereto, the vehicle being operated by Defendant MORAZAN was owned,

operated and/or leased by Defendant PAX and/or their agents. Therefore, under the law, Defendant PAX is responsible for the negligence of Defendant MORAZAN and is liable for Plaintiff's injuries and damages.

28. Plaintiff would further show that at the time of the collision in question, and at all other times material hereto, the truck being operated by Defendant MORAZAN was subject to and/or under the control of Defendant PAX and/or their agents and/or employees. Therefore, under the law, Defendant PAX is responsible for the negligent use and/or operation of the 18 wheeler made the basis of the present litigation and is liable for Plaintiff's injuries and damages.

29. Plaintiff sues Defendants, jointly and severally, for her damages as set out herein.

## VI.
## DAMAGES

30. This is an action to recover all damages provided by law and/or equity for the injuries and damages Plaintiff sustained as a result of the acts and/or omissions of Defendants and their officers, agents, partners, servants, principals, vice principals, borrowed servants, employees and/or representatives.

31. As a result of the occurrence in question, Plaintiff, BRIGITTE HAZLETON, sustained physical damages including but not limited to serious personal injuries, mental anguish, physical pain and suffering, impairment, disability in the past and future, and reasonable medical expenses. The Plaintiff will respectfully request the Court and Jury to determine the amount of loss the Plaintiff has incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that the Plaintiff is entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate the Plaintiff for the injuries, damages and losses incurred from the date

of the accident in question until the time of trial of this case, those elements of damages are as follows:

    a. The physical pain that the Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

    b. The mental anguish that the Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

    c. The amount of reasonable medical expenses necessarily incurred in the treatment of the Plaintiff's injuries from the date of the accident in question up to the time of trial and in the future;

    d. The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiff from the date of the occurrence in question up to the time of trial and in the future; and

    e. The physical impairment which the Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future.

32. The Plaintiff has sustained various elements of damage, including those specified above, but not limited to those specified above, and the Plaintiff herein reserves the right to plead more specifically and to show more specifically at trial all of those elements of damage.

## VII.
## JURY DEMAND

33. Plaintiff hereby requests a jury trial and tenders the requisite jury fee.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and that Plaintiff have judgment against the Defendants as follows:

1. Judgment against the Defendants for a sum established by proof at trial that is within the jurisdictional limits of this Court;

2. Actual and consequential damages;

3. Exemplary and/or punitive damages;

4. Prejudgment interest as provided by law;

5. Post judgment interest as provided by law;

6. Costs of court; and

7. All other damages, general and special, in law and in equity to which Plaintiff may show herself justly entitled.

Respectfully submitted

TRITICO RAINEY, PLLC.

*/s/ Ron S. Rainey/*

Ron S. Rainey
Federal Bar No. 10076
State Bar No. 16484425
1212 Durham Drive
Houston, Texas 77007
713-581-3399 Telephone
713-581-3360 Facsimile

Ed. D. Lieck
State Bar No. 12336150
The Law Offices of Ed Lieck
P.O. Box 416
Anahuac, Texas 77514
409.267.3322 Telephone
409.267.3240 Facsimile
ATTORNEYS FOR PLAINTIFF